IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FIDEL DAVIS | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv494 |
| C. PHILLIPS, ET AL. | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Fidel Davis, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against C. Phillips, Jeff Café, Larry Gist, TDCJ, and Dr. Stanley.[1]

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff complains of the conditions of his confinement at the Telford Unit where defendants Phillips, Cafe, and Dr. Stanley are employed. Plaintiff also complains defendant Gist, the judge for the Jefferson County Drug Impact Court, should have recused himself from plaintiff's trial and sentencing. Finally, plaintiff complains that the Texas Department of Criminal Justice (TDCJ) continued to confine him after his sentence had expired during 2008.

---

[1] Dr. Stanley was added as a defendant by plaintiff's amended complaint (docket entry no. 5).

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which occurred at the Telford Unit located in Texarkana, Bowie County, Texas. The defendants regarding theses claims are located in Bowie County, Texas. Additionally, plaintiff sues the Texas Department of Criminal Justice headquartered in Huntsville, Texas.

When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is both Bowie County and Walker County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). Pursuant to 28 U.S.C. § 124, Walker County is located in the Houston division of the United States District Court for the Southern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

Bowie County is located in the Texarkana division of the Eastern District of Texas; thus, venue is proper in the Eastern District of Texas. However, since the claims occurring at the Telford Unit arose in Bowie County and the defendants reside in Bowie County, such claims should be pursued in the Texarkana division instead of the Beaumont division.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The claims against TDCJ should be severed and transferred to the United States District Court for the Southern District of Texas. Further, the claims in this action against defendants Phillip, Cafe, and Stanley should be severed and transferred to the Texarkana division of this court. Plaintiff's claims against defendant Gist, a judge of the Jefferson County Drug Impact Court, should remain in this action. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this  14  day of             May            , 2015.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE